**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

|  |  |
|---|---|
| **HENRY W. BELL, III,** ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | No. 05-2264 |
|  ) | |
| **EGIZII ELECTRIC, INC.,** ) | |
|  ) | |
| Defendant. ) | |

**OPINION**

On February 16, 2006, Plaintiff Henry Bell III filed an Amended Complaint (#10) against Defendant Egizii Electric alleging he was denied employment based upon his race, African-American, in violation of Title VII of the Civil Rights Act of 1964. On May 11, 2007, Defendant filed a Motion for Summary Judgment (#24). For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED.

FACTS

Bell is a union electrician living in Champaign, Illinois. Defendant Egizii Electric, a division of EEI Holding Corporation, is engaged in the business of commercial electrical contracting. EEI is a member of the Illinois chapter of the National Electrical Contractors Association. With its motion for summary judgment, Egizii submitted the affidavit of Michael Herbert, the Business Manager and Financial Secretary for the International Brotherhood of Electrical Workers Local Union No. 601 (Local 601). Herbert indicates that EEI has committed itself to be bound by a

collective bargaining agreement with Local 601. Pursuant to the terms of the collective bargaining agreement, Local 601 is the exclusive source for the referral of applicants for wireman employment with EEI for work performed within the jurisdiction of Local 601.

Prior to January 27, 2005, the University of Illinois awarded a contract for electrical work construction on the Alice Campbell Alumni Center to EEI. The Alumni Center is within the jurisdiction of Local 601. Ken Warner, the Vice President and Branch Manager of Egizii Electric in Decatur, Illinois submitted an affidavit indicating that pursuant to the collective bargaining agreement with Local 601, EEI was required to solicit any additional wireman employees for the Alumni Center job exclusively from Local 601. As part of the contract to perform the work for the University of Illinois, EEI agreed to comply with the public contractor obligations set forth in the Illinois Human Rights Act, the Illinois Department of Human Rights' Rules and Regulations for Public Contract, Federal Executive Order 11246, and regulations set forth by the U.S. Secretary of Labor. These provisions required EEI to refrain from engaging in unlawful discrimination in employment and to engage in affirmative efforts to obtain a racially diverse workforce.

On January 26, 2005, EEI asked Local 601 to refer a minority electrician to work on the Alumni Center project whenever such an electrician became available. On January 26, 2005, EEI received a letter from Herbert indicating Local 601 had no minority electricians available at that time, but when a minority electrician became available for work he or she would be referred to EEI. On February 3, 2005, Local 601 referred Steve Woodard to work for EEI on the Alumni Center project. Woodard was an African-American apprentice wireman. Herbert indicates in his affidavit that Woodard was the "first minority electrician that was available for work subsequent to January 26, 2005." On February 4, 2005, Woodard was hired by EEI to work on the Alumni Center project. Herbert further indicates that Bell was not referred to EEI for work because he was not available for

work "in accordance with Local 601's referral rules and procedures." Herbert further indicates that Local 601 did not send EEI a list of unemployed wiremen or discuss whether Bell would be referred for employment with EEI.

In response to the motion for summary judgment, Bell submitted the affidavit of Fred Cobb, a former University of Illinois compliance officer who held the job at the time of the events at issue in this matter. Cobb indicates that as part of his job he was to determine what efforts made by contractors to comply with applicable state and federal regulations were reasonable. Cobb states that seeking to hire out of a local union is not a reasonable effort at compliance. Cobb indicates that contractors are required to look elsewhere within the community to secure minority employees.[1]

## ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the

---

[1] The court notes that the affidavit of Fred Cobb is signed by counsel for Plaintiff, Alfred D. Ivy III, rather than by Fred Cobb. However, Plaintiff has submitted a separate document entitled "Verification" signed by Fred Cobb which states that "he has read the foregoing documents and the answers made herein are true, correct and complete to the best of his knowledge and belief."

movant.  Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988).

Bell asserts that Egizii refused to hire him due to his race, African-American.  A claim of discrimination under Title VII may be proven directly or indirectly.  O'Neal v. City of New Albany, 293 F.3d 998, 1003 (7th Cir. 2002).  Because Bell has not alleged any any direct evidence of discrimination, his claim must be evaluated under the indirect method of proof as established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Traylor v. Brown, 295 F.3d 783, 787-88 (7th Cir. 2002).   To establish a claim for failure to hire under the indirect method, Bell must demonstrate: (1) he was a member of a protected class; (2) he was qualified for an open position for which he applied; (3) his application for employment was rejected; and (4) the employer filled the position with someone outside of the protected class, or left the position open.  Blise v. Antaramian, 409 F.3d 861, 866 (7th Cir. 2005).  The burden then shifts to Egizii to "articulate a legitimate, nondiscriminatory reason" for its decision not to hire Bell.  Blise, 409 F.3d at 867.  If Egizii sets forth a legitimate, nondiscriminatory reason for failing to hire Bell, Bell must show "that there is a question of fact as to whether the proffered reason was a pretext."  Lawhead v. Ceridian Corp., 463 F. Supp. 2d 856, 863 (N. D. Ill. 2006).  A reason is pretextual where the "employer's explanation is factually baseless, was not the real motivation for the decision, or was insufficient to motivate the decision."  Lawhead, 463 F. Supp. 2d at 863.

Bell has asserted no direct evidence of discrimination.  As a result, he must proceed under the indirect method of proof.  Egizii asserts that the reason Bell was not hired was because he was never referred by Local 601.  The affidavits and the collective bargaining agreement submitted by Egizii indicate that Egizii was required to acquire wiremen for the Alumni Center project from Local 601.  The affidavits of both Ken Warner of Egizii and Michael Herbert of Local 601 indicate that Bell was not referred to Egizii by Local 601.  Herbert indicates this was because Bell was not

available for work. Bell has presented no evidence to refute this assertion. Rather, Bell has submitted the affidavit of Fred Cobb. Cobb does not contradict the assertion that Egizii was required to obtain its employees from Local 601 pursuant to a collective bargaining agreement or that Bell was not available for work pursuant to Local 601's referral rules and procedures. "When the defendant has proffered an explanation . . . that the court determines to be non-pretextual, the court may avoid deciding whether the plaintiff has met his prima facie case and instead decide to dismiss the claim because there is no showing of pretext." Abioye v. Sundstrand Corp., 164 F.3d 364, 368 (7th Cir. 1998). Because there is no showing of pretext, Bell's claim must be dismissed.[2]

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Summary Judgment (#24) is GRANTED.

(2) The final pretrial conference scheduled in this matter for August 31, 2007, and the jury trial scheduled to begin September 10, 2007, are VACATED.

(3) This case is terminated.

ENTERED this 20th day of June, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

[2] It appears from Plaintiff's complaint that he may be attempting assert a claim that Egizii did not comply with applicable state and federal regulations regarding the hiring of minorities pursuant to its contract with the University of Illinois. However, Plaintiff does not pursue this claim in response to the motion for summary judgment. Furthermore, this court concludes Plaintiff would not have standing to bring this claim.